Case 1:19-sw-05403-NYW *SEALED* Document 3 Filed 04/25/19 USDC Colorado Page 1 of 6
Case 1:19-sw-05403-NYW Document 1-2 Filed 04/09/19 USDC Colorado Page 1 of 6
AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Black Ford Taurus, Colorado license plate number DDA 954 and is located 8000 East 36th Avenue, Denver, Colorado, more fully described in Attachment A, attached hereto,

)
)
)
)
)
)

Case No. 19-sw-5403-NYW

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the State and District of Colorado *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before April 23, 2019 *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Magistrate Judge Nina Y. Wang.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*.   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **4:58 pm, Apr 09, 2019**

*Judge's signature*
Nina Y. Wang

City and state: Denver, Colorado

United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 19-sw-05403-NYW | 04/12/2019 10:00 am | Inside vehicle |

Inventory made in the presence of :
FBI Special Agent Donald Peterson

Inventory of the property taken and name of any person(s) seized:

1. Panasonic Toughbook computer;
2. Three SanDisk SD cards;
3. Two memo book pads;
4. One SanDisk 8GB SD card.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
4/25/2019
**JEFFREY P. COLWELL, CLERK**

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 04/25/2019

s/Michael Thrapp
*Executing officer's signature*

Michael A Thrapp/ FBI Task Force Officer
*Printed name and title*

# ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The Subject Vehicle is a black Ford Taurus, Colorado License plate number DDA 954 currently located at 8000 East 36th Avenue, Denver, Colorado.

1

## ATTACHMENT B

## **DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items, located within the black Ford Taurus, Colorado License Plate number DDA 954 that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 1039, Fraud in Connection with Obtaining Confidential Phone Records. **[**hereinafter "Subject Offenses"], including the following:

1. Any documents, applications, paperwork, business cards, identification documents, tactical gear, body armor, court paperwork, warrants, and bonding company items, including the following:

    a. Records and information relating to a fugitive recovery, bonding companies, or other private investigations by Matthew Marre and/or Colorado PSE utilizing fraudulently obtained confidential phone records;

    b. Records and information relating to emergency requests to cell phone providers;

    c. Records and information relating to GPS locations of cell phones or other records related to cell phone accounts for fugitives sought or other private investigations;

    d. Records and information relating to any e-mail or phone accounts used by Marre or Colorado PSE to fraudulently request confidential phone records information; and

    e. Records and information relating to the above located in any container, locked or otherwise, including in any compartment, trunk, drawer, cabinet, safe or other storage container.

2. Records and information located on or relating to the operation of any computers or electronic devices that can be used to request, store, receive, or utilize data from confidential phone records, including location data in any form;

    a. Records and information from cell phone with the number 720-354-0721;

    b. Records and information from the email account matthewmarre@cotf.us or any other email utilized by Matthew Marre;

    c. Records and information relating to the identity or location of Marre and any co-conspirators;

1

   d. Records and information relating to communications with covered cell phone providers;

   e. Records and information relating to communications with bonding companies; and

   f. Records and information relating to the above located in any container, locked or otherwise, including in any compartment, trunk, drawer, cabinet, safe or other storage container.

3. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

4. Any clothing, tactical gear, body armor, handcuffs, zip ties, or other items used to perform bail bond recovery work or impersonation of a law enforcement officer;

5. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offenses.

6. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant relating to the Subject Offenses:

   a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

   b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

2

e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

f. evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

g. records of or information about Internet Protocol addresses used by the COMPUTER,

h. information about usernames or any online accounts or email addresses that include "matthewmarre@cotf.us";

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. contextual information necessary to understand the evidence described in this attachment;

l. volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

m. any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

DEFINITIONS:

7. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

8. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.